NGUYEN, Circuit Judge,
concurring in part and dissenting in part:
I agree that the prosecutor’s “do the right thing” statement clearly constitutes prosecutorial misconduct. However, under plain error review, we may only reverse when “prosecutorial misconduct has deprived a defendant of a fair trial,” which we determine by “look[ing] to the substance of any curative instructions and the strength of the case against the defendant absent the misconduct.” United States v. Sanchez, 659 F.3d 1252, 1257 (9th Cir.2011).
Here, the evidence against Cruz was overwhelming — he was caught red-handed with the drugs in his car and confessed that he agreed to smuggle the drugs for money. The single instance of argument error during the government’s rebuttal did not affect Cruz’s substantial rights. Nevertheless, I am troubled by the government’s failure to recognize the error, *625 particularly because the same office that prosecuted Cruz recently assured us that its training would “reinforce the principle that all Assistant U.S. Attorneys must be aware of the rules pertaining to closing argument and must make every effort to stay well within those rules.” United States v. Maloney, 755 F.3d 1044, 1046 (9th Cir.2014) (en banc). Although the trial in this case occurred before Maloney was decided, the government, post-Mafo-ney, insisted at oral argument that its statement was proper. It was not. As the majority stated, a prosecutor steps outside of his or her proper role by encouraging the jury to “do the right thing.”
However, there’s no basis for reversal, not on this or the three other claims that Cruz also raised on appeal. I therefore would affirm.